UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCESS FOR THE DISABLED, INC.
and DENISE PAYNE,

      Plaintiffs,

v.                           Case No. 8:13-cv-100-T-33TBM

ASSOCIATED OUT-DOOR CLUBS, INC.,

      Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to
Plaintiffs Access for the Disabled, Inc. and Denise Payne's
Motion to Dismiss the action (Doc. # 20), filed April 13,
2013. Defendant Associated Out-Door Clubs, Inc. filed its
response to the motion on April 22, 2013, stating that "the
Motion to Dismiss should be granted, but only upon the
condition that Plaintiffs pay the attorneys' fees and
expert witness fees and costs incurred by [Defendant] in
litigating this action, or upon other appropriate
conditions, pursuant to Fed. R. Civ. P. 41(a)(2)." (Doc. #
21 at 1). Anticipating this request, Access and Payne
oppose the award of attorneys' fees or costs in their
Motion to Dismiss. (Doc. # 20 at 6-10).  For the reasons
stated below, the Court grants Access and Payne's Motion to

Dismiss and declines to grant attorneys' fees and costs to Associated Out-Door.

I.   **Background**

On January 10, 2013, Access and Payne initiated this action pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., suing Associated Out-Door for injunctive relief, attorneys' fees, litigation expenses, and costs. (Doc. # 1). Access is a non-profit Florida corporation and its purpose is "to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled . . . ." (Id. at ¶ 3). The Access member alleging injury is Denise Payne. (Id. at ¶ 4).

Associated Out-Door owns and operates a Greyhound Track at 8300 North Nebraska Avenue in Tampa, Florida. (Doc. # 1 at ¶ 2; Doc. # 11 at ¶¶ 2, 8). Access and Payne allege that Payne "visited the property, encountered barriers for access, and engaged and tested those barriers. She suffered legal harm and injury and will continue" to do so. (Doc. # 1 at ¶ 6).

In accordance with Federal Rule of Civil Procedure 16, the Court filed an ADA Scheduling Order on January 14, 2013. (Doc. # 4). The Scheduling Order stayed all discovery

until further Order of this Court (Id. at 2) and directed Access and Payne to provide Associated Out-Door "with a copy of any expert report upon which Plaintiffs intend to rely, consistent with the provisions of Rule 26(a)(2)." (Id. at ¶ 4). Access and Payne were to provide their report to Associated Out-Door by March 15, 2013. (Id.).

On February 3, 2013, Associated Out-Door filed a Motion to Modify ADA Scheduling Order. (Doc. # 10). Specifically, Associated Out-Door requested that limited discovery be permitted "on the issue of Plaintiffs' standing and to defer the requirements for exchanging expert reports until the standing issue is resolved . . . ." (Id. at 1). Access and Payne filed a response in opposition to the motion on February 19, 2013. (Doc. # 12). The Court granted the Motion on March 29, 2013, and amended the ADA Scheduling Order. (Doc. # 19).

Access and Payne claim that they furnished a copy of their "preliminary report" to Associated Out-Door on February 22, 2013 – before the report was due and before the Court amended the ADA Scheduling Order – but that Associated Out-Door informed Access and Payne that the report did not meet the requirements of Rule 26(a)(2). (Doc. # 13 at ¶ 2). On March 1, 2013, Access and Payne

filed their own Motion to Modify Scheduling Order (Doc. # 13), requesting that modification be made "to allow the Plaintiffs to conduct an inspection of the Defendant's premises in order to facilitate compliance with the provisions of [the ADA Scheduling Order] requiring the Plaintiffs to provide a report to the Defendant." (Doc. # 13 at 1). Associated Out-Door filed a response in opposition on March 4, 2013. (Doc. # 14).

After obtaining leave of Court (Doc. # 17), Associated Out-Door filed a supplemental response in opposition to Access and Payne's Motion to Modify ADA Scheduling Order on March 18, 2013. (Doc. # 18). In its supplemental response, Associated Out-Door claimed that in addition to the "preliminary report," Access and Payne had also served a "supplemental report" with accompanying photographs to Associated Out-Door, and had furnished additional information regarding their expert's publications and testimonial experience. (Doc. # 18 at 2). Associated Out-Door stated that while "Tampa Greyhound disagrees with the substance of the Supplemental Report, it does at least ostensibly address the matters required by Rule 26(a)(2)(B) . . . ." (Id.).

Associated Out-Door claimed that because Access and Payne had, in fact, produced a report that met the requirements of Rule 26(a)(2)(B), "Plaintiffs have undermined their claim that an inspection is necessary in order to produce their report." (Id.). The Court agreed, stating, "Access and Payne have now provided the report; therefore a modification to allow an inspection intended to facilitate in preparing the report is no longer necessary." (Doc. # 19 at 13).

Access and Payne filed the Motion to Dismiss Complaint (Doc. # 20) on April 13, 2013, and Associated Out-Door filed its response (Doc. # 21) on April 22, 2013.

## II.  **Legal Standard**

Under Federal Rule of Civil Procedure 41(a)(2), the action may be dismissed "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). As stated in Pontenberg v. Boston Scientific Corp., 252 F.3d 1253 (11th Cir. 2001), "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Id. at 1255. "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." Id. at 1256

5

(internal citations omitted) (emphasis in original); see also First Fin. Bank v. CS Assets, LLC, 434 F. App'x 897, 898 (11th Cir. 2011).

The Eleventh Circuit has further noted that, in exercising equitable discretion under Rule 41(a)(2), a district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." McCants v. Ford Motor Co., Inc., 781 F.2d 855 (11th Cir. 1986); see also Inman v. Am. Paramount Fin., No. 12-12049, 2013 WL 1729801, at * 4 (11th Cir. Apr. 22, 2013).

III. **Analysis**

In the instant case, the Court finds dismissal pursuant to Rule 41(a)(2) is appropriate. Nonetheless, the Court takes this opportunity to address several claims made by Access and Payne in their Motion to Dismiss. This Court has previously issued three Orders in this action. The first Order was the ADA Scheduling Order stating that "Plaintiffs shall provide Associated Out-Door with a copy of any expert report upon which Plaintiffs intend to rely" and making no ruling regarding Plaintiff's entitlement to conduct a formal expert investigation. (Doc. # 4). The

6

Court's second Order granted Associated Out-Door leave to file a supplemental response to Plaintiff's Motion to Modify Scheduling Order; again, formal expert investigations were not considered. (Doc. # 17). In its third Order, this Court granted Associated Out-Door's Motion to Modify the ADA Scheduling Order and denied *as moot* Access and Payne's Motion to Modify Scheduling Order. (Doc. # 19).

Although Access and Payne state, "This Court's ruling that plaintiffs are to produce their Rule 26(a)(2) report without the benefit of a formal inspection deprives them of any ability to fairly prosecute this action," the Court did not so rule. (Doc. # 20 at 5). Access and Payne claimed in their Motion to Modify Scheduling Order that an inspection of Associated Out-Door's premises would "facilitate compliance with provisions of [the ADA Scheduling Order] requiring Plaintiffs to provide a report to the Defendant." (Doc. # 13 at 1). Associated Out-Door then advised the Court that Access and Payne had, in the meantime, provided Associated Out-Door with an additional expert report, fulfilling the provisions of the ADA Scheduling Order. (Doc. # 18). Access and Payne brought no information to the contrary to the Court's attention.

Accordingly, this Court held, "Therefore, because Access and Payne have timely produced the expert report required by this Court's original Scheduling Order, their Motion for Modification of the Scheduling Order to allow for an inspection to assist in the preparation of an expert report is denied *as moot*." (Doc. # 19 at 14) (emphasis added).

Access and Payne now move for dismissal. (Doc. # 20). As stated above, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice. Pontenberg, 252 F.3d at 1256. There is no evidence before the Court that Associated Out-Door will so suffer in the instant case and, therefore, the Court grants Access and Payne's Motion to Dismiss the case.

Associated Out-Door points out that the Court has "ample authority to impose an award of . . . attorneys' fees and other litigation expenses as a condition of granting the Plaintiffs' Motion to Dismiss." (Doc. # 21 at 5) (citing Yoffe v. Keller Indus., Inc., 580 F.2d 126 (5th Cir. 1978)). Although Associated Out-Door claims that "the equities compel a requirement that Plaintiffs reimburse" Associated Out-Door for litigation expenses (Doc. # 21 at 5), the Court has weighed the relevant equities to do

8

justice between the parties in this case, <u>McCants</u>, 781 F.2d at 857, and the Court is not inclined to award attorneys' fees or costs to Associated Out-Door at this time.

This action is still in the very early stages of discovery,[1] no dispositive motions have been filed other than the instant one, and the Court is not persuaded by Associated Out-Door's claims that Access and Payne acted improperly by bringing the instant case. (Doc. # 21 at 5-8). Accordingly, the Court declines to award attorneys' fees to Associated Out-Door. Furthermore, the Court finds that Associated Out-Door's expenses do not constitute sufficient prejudice to warrant denial of the Rule 41(a)(2) Motion for Dismissal.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Plaintiffs Access for the Disabled, Inc. and Denise Payne's Motion to Dismiss the action (Doc. # 20) is **GRANTED.**

(2)   This case is **DISMISSED** without prejudice. The Clerk is **DIRECTED** to terminate any remaining pending motions and to close this case.

---

[1]   Associated Out-Door has served interrogatories and requests to produce on Payne and Access, but responses are not yet due.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this

3rd day of May, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record